FANNING and BROWN *against* MYERS and LIVINGSTON.

*Where a witness shows his interest on his voir dire, arising under a sealed instrument, and shows it discharged by parol, he is a good witness.*

THIS was an action of assumpsit for money had and received.

Plea, the general issue.

The first witness called by the plaintiffs, being sworn on his *voir dire*, testified, that he, the plaintiffs and a number of other persons, among whom was the defendant Myers, then of the firm of Myers & Phillips, entered into an India speculation for the purchase of teas.   The agreement of the parties was in writing, and under seal, in which it was agreed, among other things, that a credit was to be obtained in India, on the responsibility of all the parties to the contract.   The plaintiffs paid the India debt with their own notes.

Upon the arrival of the proceeds of the adventure, the teas were divided among the several contracting parties, according to their interests respectively, they paying their proportion of the India debt to the plaintiffs, upon which their respective responsibility for that debt ended.   The witness had paid his proportion.   The house of Myers & Phillips being then insolvent, a part of their share of teas was placed in the hands of the plaintiffs, to be at their disposal, in order to meet their part of the India debt.   The plaintiffs sent these teas to the defendants, (who were auctioneers,) to be sold at public sale, for their use.

*Emmet* and *Hoffman* contended, that he was an interested witness, because, if the sum now in controversy .should not be recovered from the defendants, this would increase the share of the India debt to be paid by the contracting parties, the house of Myers & Phillips being insolvent; that the original contract of responsibility being under seal, a verbal discharge of that responsibility was insuffi- cient according to the maxim, "*unumquodque dissolvitur eodem ligamine quo ligatur;*" that, therefore, the witness was still liable over, notwithstanding the discharge, and, consequently, directly interested.

THOMPSON, J. Where the interest of a witness appears from his own statement, on an examination on his *voir dire*, it is competent for him to discharge that interest in the same manner. The witness here shows his interest, and shows it discharged : he must be sworn in chief.(1)

*Colden* and *Wells*, for the plaintiffs.

*Emmet* and *Hoffman*, for the defendants.

(1) The examination of a witness upon his *voir dire*, being upon matter collateral to the issue, is not bound down by the same strict rules which gov- ern an examination in chief. The contents of written instruments may be inquired into on such examination. But if the witness has been sworn in chief, the privileges of an examination on a *voir dire*, cannot be extended to a cross-examination, although the inquiry is as to his interest; it must, for this purpose, take place in its due order. *Howell* v. *Lock*, 2 Camp. 14. Con- sequently, as the privilege extended to this species of examination may en- able a party to prove a witness interested, by matter in writing, by parol proof of its contents, it is reasonable that parol proof of any paper discharg- ing that interest, should also be received, and such is the rule to be drawn from the books.

In the *Butcher's Company* v. *Jones, Esq* , (1 Esp. Cases, 160,) a witness was asked, on his *voir dire*, if he was not free of the Butcher's Company? He

answered, that he was not then, but had been free, and had been afterwards disfranchised. He was then asked if the disfranchisement of members was not regularly entered in the Company's books? He answered he believed it was. The counsel, who examined him, then insisted on the production of the books, to show the witness disinterested. But Lord Kenyon overruled the application; he said that the objection to the competency of the witness having arisen out of an answer to a question put by the defendant's counsel, in which he had admitted that at one time he had been incompetent, that he should be allowed to restore himself to competency by the same means, which was by stating by parol whether he was then disfranchised or not; either as part of his answer to the question so put, or to one put by the plaintiff's counsel. So, also, in the case of *Botham* v. *Swingley*, (1 Esp. Cases, 165, and Peake, 219,) a witness, upon his *voir dire*, showed himself interested, but discharged that interest by declaring, at the same time, that he had become bankrupt, and had obtained his certificate; it was contended that this fact could only be proved by producing the certificate. But Lord Kenyon held, that when the objection to the competency of a witness arose from his answer to a question on his *voir dire*, that he might, in the same manner, do away the objection, and restore himself to competency by parol. It is, however, at the same time, to be observed, that if the interest, in these cases, had been proved by other testimony, it would have been necessary to have answered the objection by the best evidence; the book of the company in the first case, and the certificate in the last. 1 Esp. 164. See this rule fully discussed and sustained in *Lummis* v. *Row*, 10 Ad. & Ellis, 605.

The rigid rule of the common law, which excluded a witness interested, in any degree, in the issue of the cause, led to great refinement, and was the parent of much subtle reasoning at *nisi prius*. The legal effect of a release in restoring the competency of a witness, without curing his prejudice, seems to have led to the conclusion that a different rule was necessary. Interest no longer excludes a witness, but it is still a proper subject of caution and comment to the jury. Code, sec. 398.